2004 ND 101

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Donald L. PETERSON, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of North Dakota, Petitioner**

v.

**Donald L. Peterson, Respondent.**

**No. 20040134.**

Supreme Court of North Dakota.

May 28, 2004.

PER CURIAM.

[¶ 1] On May 13, 2004, an Application with attached exhibits seeking the Interim Suspension of Donald L. Peterson, a member of the Bar of North Dakota, was filed under N.D.R. Lawyer Discipl. 3.4 by Paul W. Jacobson, Disciplinary Counsel for the Disciplinary Board of the Supreme Court, asserting Peterson has committed misconduct and that he poses a substantial threat of irreparable harm to the public. On May 24, 2004, Jacobson also filed an Affidavit with attachments of Linda B. Reed in support of the Application for Interim Suspension. On May 24, 2004, Peterson filed his Affidavit along with the Affidavits of L. Mark Bell and Laura Larson resisting the Application for Interim Suspension.

[¶ 2] The evidence implicates N.D.R. Prof. Conduct 1.4, Communication, which provides that a lawyer shall make reasonable efforts to keep a client reasonably informed about the status of a matter, promptly comply with a client's reasonable requests for information, and explain matters related to the representation to the extent reasonably necessary to permit the client to make informed decisions; N.D.R. Prof. Conduct 8.4, which provides it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice or engage in other conduct that is enumerated in the North Dakota Century Code as a basis for revocation or suspension of a lawyer's certificate of admission through violation of § 27–13–01(1), N.D.C.C., which provides that an attorney must maintain respect for the courts and judicial officers, § 27–14–02(1), N.D.C.C., which provides that an attorney's admission to the bar may be revoked or suspended when the attorney has committed an offense determined by the Supreme Court to have a direct bearing upon a person's ability to serve the public as an attorney, and § 27–14–02(7), N.D.C.C., which provides that an attorney may not commit any act which brings reproach upon the legal profession; and N.D.R. Lawyer Discipl. 1.2(A)(3), Grounds for Discipline, which provides a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

[¶ 3] Additionally, it is alleged Peterson forged documents, which, if proven, show a pattern of misrepresentation and deception to a client and to the court. Furthermore, N.D. Stds. Imposing Lawyer Sanctions 5.11 is implicated as it provides in part that disbarment is generally appropriate when a lawyer engages in serious conduct a necessary element of which includes false swearing or misrepresentation and when the lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously reflects on a lawyer's fitness to practice law.

[¶ 4] The Application further asserts that formal proceedings are pending against Peterson. The allegations heard by the Hearing Panel involve Peterson filing documents with the Ward County

Clerk of Court's office on May 16, 2003, one of which was an "Affidavit of Robert Taylor" purporting to bear the signature of Taylor. The purported Taylor signature was noted as "Subscribed and sworn to before me this 30th day of April, 2003.", and was signed by Donald L. Peterson, Notary Public. Peterson admits in his Affidavit to the Court that Taylor did not sign the document notarized by him, rather Peterson wrote Taylor's name and notarized the false signature. Additionally, the Hearing Panel heard allegations concerning a copy of a purported Order Dismissing Complaint involving Austin Mutual Insurance Company, dated March 2, 2003, signed by Judge Gary A. Holum, bearing a number for a civil case venued in District Court, Ward County, North Dakota. Peterson prepared the purported Order Dismissing Complaint; it was not, in fact, signed by Judge Holum, but rather the signature was either made by Peterson or at his direction. The case number on the purported Order was not for the matter involving Austin Mutual Insurance Company; such a case had not been filed with the court. The matters were consolidated for hearing, and the findings, conclusions and recommendation of the Hearing Panel have not been filed. At the request of Peterson, the time for filing Peterson's post hearing brief was extended to May 28, 2004.

[¶ 5] Following the granting of additional time in the pending formal proceedings, another disciplinary complaint was filed alleging that Peterson provided a client with copies of a purported complaint in a medical malpractice action filed in Ward County District Court, which, in fact, has not been filed in Ward or Williams County District Court. The disciplinary complaint further raised questions on the veracity of an Affidavit of Service Peterson provided to his client and the evidence submitted with this complaint precipitated the filing of the Application for Interim Suspension.

[¶ 6] On May 17, 2004, Peterson filed a request for an opportunity to be heard on the Application for Interim Suspension under N.D.R. Lawyer Discipl. 3.4(B). The matter was heard on May 27, 2004, at 1:30 p.m.

[¶ 7] Sufficient evidence was submitted by Disciplinary Counsel demonstrating misconduct and a substantial threat of irreparable harm to the public. The Court considered the matter, and

[¶ 8] ORDERED, under N.D.R. Lawyer Discipl. 3.4(B), Donald L. Peterson's license to practice law in the State of North Dakota is SUSPENDED effective immediately and until disposition by this Court of the pending formal proceedings upon which this Application is predicated. The Hearing Panel should proceed expeditiously on the formal proceedings that have been heard.

[¶ 9] IT IS FURTHER ORDERED that Disciplinary Counsel promptly apply to the district court for a professional trustee as provided in N.D.R. Lawyer Discipl. 6.4.

[¶ 10] IT IS FURTHER ORDERED that Donald L. Peterson comply with N.D.R. Lawyer Discipl. 6.3.

[¶ 11] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., concur.