Filed 11/4/04 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2004 ND 205

In the Matter of the Application for Disciplinary Action Against 

Donald L. Peterson, a Member of the Bar of the State of North Dakota

Disciplinary Board of the Supreme

Court of North Dakota,                                           Petitioner

         v.

Donald L. Peterson,                                              Respondent

No. 20040167—20040169

Application for Discipline.

DISBARMENT ORDERED.

Per Curiam.

[¶1] On November 17, 2003, Donald L. Peterson admitted service of a Summons and Petition for Discipline.  The Petition asserts that Peterson was admitted to practice law in the State of North Dakota on September 22, 1976, and has been an attorney at law since that time.  On May 28, 2004, Peterson was placed on Interim Suspension by this Court.  
See
 
Disciplinary Board v. Peterson
, 2004 ND 101, 680 N.W.2d 238.

[¶2] Beginning in May, 2002, Peterson represented Robert Taylor in a divorce matter.  Peterson agreed to represent Taylor in an appeal of the divorce judgment, and to bring a contempt proceeding against Taylor’s ex-wife for failing to pay her portion of the debts as ordered in the divorce.  Peterson did not pursue the appeal as agreed.

[¶3] On May 14, 2003, Peterson told Taylor that he had filed the papers necessary to bring a contempt motion against Taylor’s ex-wife.  On May 15, 2003, Taylor called the Ward County Clerk’s office and was told that papers had not been filed.  On May 16, 2003, Peterson filed the contempt papers with the Ward County Clerk of Court’s office.  Included with the papers was an “Affidavit of Robert Taylor” which purported to bear the signature of Taylor.  Taylor’s purported signature was noted as “Subscribed and sworn to before me this 30
th
 day of April, 2003,” and was signed by Donald L. Peterson, Notary public.  Taylor did not sign the document notarized by Peterson, rather Peterson wrote Taylor’s name or had someone else write Taylor’s name.  Peterson’s notarization of the document was in violation of N.D.C.C. § 44-06-13.1.

[¶4] The Petition further asserts that Peterson also represented Taylor in a criminal matter concerning the taping of his ex-wife’s calls.  Peterson received a proposed plea agreement from the prosecutor in January 2003, but did not communicate the proposal to Taylor.

[¶5] The Petition asserts that Taylor discharged Peterson as his attorney in early June, 2003.  Peterson was requested to turn over Taylor’s civil and criminal files to his new attorney.  Peterson had to be contacted several times before the civil file was turned over to the new attorney; part of the criminal file was never turned over to the new attorney.

[¶6] The Petition alleges that Peterson violated N.D.R. Prof. Conduct 1.3 (Diligence), N.D.R. Prof. Conduct 1.4 (Communication), N.D.R. Prof. Conduct 3.3 (Candor Toward Tribunal), N.D.R. Prof. Conduct 4.1 (Truthfulness in Statements to Others), N.D.R. Prof. Conduct 8.4 (Misconduct), N.D.R. Lawyer Discpl. 1.2(A)(3) (Grounds for Discipline), N.D.R. Prof. Conduct 1.16(e) (Declining or Terminating Representation) in the Taylor matters.

[¶7] The Petition further asserts that Peterson represented Austin Mutual Insurance Company in a civil action brought by Edwin and Lisa Paulson.  Austin Mutual had difficulty communicating with Peterson, and retained attorney Barbara Lewis to find out the status of the case.  Peterson told Lewis the matter had been dismissed.  In response to a request from Lewis, Peterson sent Lewis a copy of a purported Order Dismissing Complaint, dated March 2, 2003, signed by Judge Gary A. Holum, bearing Case No. 51-01-C-0450, venued in District Court, Ward County, North Dakota.  Peterson had prepared the Order Dismissing Complaint.  The Order Dismissing Complaint was not signed by Judge Holum, but rather by Peterson or at his direction.

[¶8] The Petition alleges that Peterson violated N.D.R. Prof. Conduct 1.3 (Diligence), N.D.R. Prof. Conduct 1.4 (Communication), N.D.R. Prof. Conduct 4.1 (Truthfulness in Statements to Others), N.D.R. Prof. Conduct 8.4 (Misconduct), and N.D.R. Lawyer Discipl. 1.2(A)(3) (Grounds for Discipline) in the Austin Mutual Insurance Company Matter.

[¶9] Peterson was given an extension to December 15, 2003, to file an Answer to the Petition for Discipline.  Peterson filed his Answer on December 15, 2003, admitting in part and denying in part, the allegations in the Petition.  In his Answer, Peterson argued that mitigating circumstances existed. 

[¶10] The matters were heard before a Hearing Panel on March 26, 2004.  The Hearing Panel filed its Report on June 24, 2004, concluding that Peterson violated N.D.R. Prof. Conduct 1.4 in that Peterson told Barbara Lewis that the Paulson matter had been dismissed by the Court and provided her with the false “order;” N.D.R. Prof. Conduct 3.3 in that Peterson filed with the Court, in the Taylor matter, an affidavit which was purportedly signed by Taylor, when it was in fact signed with Taylor’s name by Peterson, and falsely notarized by Peterson as having been signed by Taylor; N.D.R. Prof. Conduct 4.1 and N.D.R. Prof. Conduct 8.4  in that Peterson falsely notarized the affidavit purportedly signed by Taylor in violation of N.D.C.C. §44-06-13.1(1), and forged the Order bearing the purported signature of Judge Holum; and N.D.R. Prof. Conduct 1.2(A)(3) in that Peterson filed with the Court the purported Affidavit of Taylor, and he submitted the Order with the forged signature of Judge Holum to Barbara Lewis.

[¶11] The Hearing Panel considered aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22(c), a pattern of misconduct, 9.22(d), multiple offenses, 9.22(i), substantial experience in the practice of law, and 9.22(a), prior disciplinary offense in that Peterson acknowledged an admonition for not timely filing a judgment.  The Hearing Panel also considered N.D. Stds. Imposing Lawyer Sanctions 9.32(c), personal or emotional problems, as possible mitigation, in the context of Peterson’s testimony concerning an anxiety disorder, and a statement from Dr. L. Mark Bell, D.O., psychiatrist, concerning Peterson’s treatment for depression and anxiety; however, the Hearing Panel did not conclude this information to be mitigating.  The Hearing Panel considered, but did not accept, mitigation on the grounds that Peterson became a solo practitioner.  The Hearing Panel also considered the fact that there was no harm or injury to either Taylor or Austin Mutual Insurance Company, and that Peterson obtained no pecuniary gain or benefit by his conduct.

[¶12] The Hearing Panel recommended Peterson be suspended from the practice of law for one year, and pay the costs of the disciplinary proceeding in the amount of $4,156.38.  The matter was submitted to the Court under N.D.R. Lawyer Discipl. 3.1(F)(2).  Objections to the Report of the Hearing Panel were due July 15, 2004; no objections were filed.  At the request of the Court, on August 14, 2004, the parties filed briefs on the issue of whether the recommended sanction adequately reflected the seriousness of the violations. The Court considered the matter, and

[¶13] ORDERED, Donald L. Peterson is DISBARRED from the practice of law.  Under N.D. Std. Imposing Lawyer Sanctions 5.11, disbarment is generally appropriate when: (a) a lawyer engages in serious conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; . . . or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

[¶14] FURTHER ORDERED, Donald L. Peterson pay the costs and expenses of the disciplinary proceedings in the amount of $ 4,156.38.

[¶15] Gerald W. VandeWalle, C.J.

William A. Neumann

Dale V. Sandstrom

Mary Muehlen Maring

Carol Ronning Kapsner